WR-83,040-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/1/2015 1:05:11 PM
Accepted 7/1/2015 1:38:19 PM
ABEL ACOSTA
CLERK

IN THE 263RD DISTRICT COURT
OF HARRIS COUNTY, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
7/1/2015
ABEL ACOSTA, CLERK

EX PARTE §

§ CAUSE NO. 1371862-A

JONATHAN LEE JACOBS §

## APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Jonathan Lee Jacobs files Applicant's Objections To The Findings Of Fact And Conclusions Of Law and would show as follows:

### I.

## THE TRIAL COURT LACKED JURISDICTION TO ENTER FINDINGS OF FACT AND CONCLUSIONS OF LAW

Applicant filed a habeas corpus application on September 24, 2014. The State filed an answer on March 31, 2015. The trial court requested and received from this court an extension of time until May 22 to resolve the issues.

The trial court denied applicant's motion to recuse on April 13. Applicant filed proposed findings of fact and conclusions of law on May 15, one week before the May 22 deadline. The State did not file proposed findings and conclusions before the deadline. The trial court took no action, and the district clerk transferred the case to this court on May 29. Thus, the trial court lost jurisdiction on May 29.

1

The State filed proposed findings and conclusions on June 8.[1] The trial court signed an order adopting the State's proposed findings and conclusions on June 10.[2] Applicant's counsel did not learn of the order until June 30. He immediately prepared and filed these objections.

Applicant objects to the trial court adopting the State's proposed findings of fact and conclusions of law after it lost jurisdiction when the district clerk transferred the case to this court on May 29. This court gave the trial court a deadline of May 22 to resolve the issues, and the State did not file its proposed findings and conclusions until June 8. Accordingly, this court should disregard them.

## II.

## THE TRIAL COURT MUST BE RECUSED BECAUSE OF AN IRRECONCILABLE CONFLICT OF INTEREST

Applicant objects to Judge Jim Wallace presiding over this case because he has an irreconcilable conflict of interest in deciding the propriety of its own conduct. Applicant alleged, *inter alia*, that his guilty plea was involuntary because Judge Wallace improperly participated in off-the-record plea negotiations in an effort to convince him to accept the State's offer. Applicant filed an Unsworn Declaration and trial counsel, Gordon Dees, filed an affidavit providing their

---

[1] Applicant's counsel was served with a copy of this document.

[2] Applicant's counsel was not served with a copy of this document.

recollections of what was said. Thus, Judge Wallace is a fact witness in the habeas proceeding. Judge Wallace's participation in the plea negotiations constituted judicial coercion, violated due process, and rendered applicant's guilty plea involuntary. Judge Wallace refused to recuse himself, presided over the habeas proceeding, and adopted the State's proposed findings and conclusions that his conduct was proper.

Judge Wallace acknowledged that he participated in off-the-record plea negotiations (Finding 24). His subsequent findings that he was not "working with" trial counsel to convince applicant to plead guilty and that he "merely ensured that the applicant understood the State's plea offer" (Findings 28 and 29) ignore what occurred and demonstrate why he cannot fairly decide in this instance the propriety of his own conduct.

III.

## CONCLUSION

This court should reject the findings of fact and conclusions of law and grant habeas corpus relief, or, in the alternative, remand the case to the trial court and order that a judge other than Judge Wallace resolve the issues.

Respectfully submitted,

Randy Schaffer
Randy Schaffer
State Bar No. 17724500

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile
noguilt@swbell.net

Attorney for Applicant
JONATHAN LEE JACOBS

## CERTIFICATE OF SERVICE

I served a copy of this document on Baldwin Chin, assistant district attorney for Harris County, 1201 Franklin, Suite 600, Houston, Texas 77002, by leaving a copy at his office on July 1, 2015.

Randy Schaffer
Randy Schaffer